RECEIVED
IN LAKE CHARLES, LA
JUN 29 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CR. NO. 06-20008-01 |
| | * | CIVIL NO. 09-643 |
| VERSUS | * | JUDGE MINALDI |
| CALVIN CHRISTOPHER WALLACE | * | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside, or Correct the Sentence (doc. 47) pursuant to 28 U.S.C. § 2255 filed by the defendant, Calvin Christopher Wallace ("Wallace"). The Government filed an Opposition (doc. 50). Wallace did not file a Reply.

Procedural History

On February 7, 2007, the defendant, pursuant to a written plea agreement, entered a plea of guilty to an indictment charging him with possession with intent to distribute two kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Doc. 24).

On June 28, 2007, the defendant was sentenced to 108 months imprisonment. The sentence is to run concurrently with a state probation violation charge. (Docs. 28-29). The judgment was entered on July 2, 2007. On September 19, 2008, the appeal was dismissed as frivolous. The attorney had filed an *Anders* brief. (Doc. 46).

FACTS

The stipulated factual basis entered at the time of the guilty plea provides that on January 24, 2006, a deputy stopped a car driven by the defendant for speeding. The vehicle was searched pursuant to the defendant's consent. In the interior walls of the car trunk, the officer found packages containing 2,217.11 grams of cocaine. The defendant admitted to traveling to Houston from New

1

Orleans with cash to purchase cocaine. He also stated that this was his third trip to Houston in recent weeks and that he had been paid $3,000. (Doc. 24-3).

Law and Analysis

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992).

"A 'collateral challenge may not do service for an appeal.' " *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) (en banc). A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Shaid*, 937 F.2d at 232. The 28 U.S.C. § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.1992). The only exception to the cause and prejudice test is the "extraordinary case ... in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* Wallace has not established cause and prejudice. Nor has he asserted actual innocence.

The Supreme Court has strictly limited the circumstances under which a guilty plea may be attacked on collateral review. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546-2547, 81 L.Ed.2d 437 (1984) (footnote omitted). The voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and " 'will not be

allowed to do service for an appeal.'" *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994) (quoting *Sunal v. Large*, 332 U.S. 174, 178, 67 S.Ct. 1588, 1590-1591, 91 L.Ed. 1982 (1947)). Indeed, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979). In this case, Wallace's appeal was dismissed as frivolous. The validity of his plea was not challenged on appeal. Accordingly, Wallace procedurally defaulted this claim and it is not presently cognizable.

Wallace further contends that his counsel rendered ineffective assistance by not raising all of the issues raised herein. An ineffective assistance of counsel claim is cognizable in a §2255 motion.

To establish ineffective assistance of counsel *Strickland v. Washington*, 466 U.S. 668 (1984), requires showing both that counsel's performance was deficient and that such deficient performance prejudiced the defense. *Id.* at 687. Deficient performance is based on an objective standard of reasonableness, considering all the circumstances. *Id.* at 688. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance", and judicial review is highly deferential to counsel's performance. *Id.* at 689.

In the context of a guilty plea, prejudice is present if there is a reasonable probability, that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial. *Hill v. Lockhart*, 106 S.Ct. 366 (1985); *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994). As previously stated, since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective

3

assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983).

Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). The burden of proof is on Wallace to prove his allegations. The defendant has introduced no evidence that this court did not comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure, requiring that "the court... shall not accept the (guilty) plea without first determining that the plea is made voluntarily with understanding of the nature of the charge." *Munich v. United States*, 337 F.2d 356 (9th Cir. 1964); *Domenica v. United States*, 292 F.2d 483 (1st Cir. 1961). The defendant has not established that his alleged ineffective assistance of counsel resulted in an involuntary guilty plea.

Decisions by counsel concerning strategy are considered with great deference. *Strickland v. Washington*, 104 S.Ct. at 2065-66; *Murray v. Maggio*, 736 F.2d at 282; *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985). The defendant contends that his plea was involuntary because his attorney led him to believe that his duress defense was not viable and advised him to plead guilty without investigating the duress defense. The evidence in the record contradicts this claim. The court had received correspondence from the defendant and inquired about the duress allegation. The defendant's attorney and the defendant addressed the court's concerns. Defense counsel indicated that he had investigated this matter. The court did not consider these allegations as negatively affecting the plea. The defendant has failed to show that further investigation would have been likely to make any difference in his trial [plea] or sentencing." *Anderson v. Collins*, 18 F.3d 1208, 1221

(5th Cir.1994). Therefore, he has not established ineffective assistance of counsel with regard to his duress claim.

Wallace also claims that his attorney was ineffective at sentencing for not raising the duress defense and for not asking for a reduction in his sentence on that basis. The record establishes, however, that the defendant did receive a less harsh sentence because of the duress allegations. Furthermore, the defendant's attorney specifically asked the Court to run the state and federal sentences concurrently. (Sent. Tr., p. 15). Therefore, the defendant received a less severe sentence as a result of his attorney's actions.

## Conclusion

The duress claim is procedurally barred. The record establishes that the defendant's attorney was not ineffective. The Court considered the defendant's allegations of duress and imposed a sentence accordingly.

Accordingly, for the reasons set forth herein above, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this 29 day of June, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE